BLD-147                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2870
_____

JOHN WILLIAM WILLIAMS; BRANDON R. BAKER; NATHANIEL JONES, JR.

v.

BRADON TOOMEY, Esq.; ALLEN WELCH, Esq.; STACY WOLF, Esq.;
JOSHUA YOHE, Esq.; MICHAEL T. HALKIAS, Esq.;
BOARD OF COUNTY COMMISSIONERS;
COUNTY OF CUMBERLAND Commonwealth of Pennsylvania


John William Williams; Brandon R. Baker,
                                        Appellants
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-18-cv-01687)
District Judge:  Honorable Yvette Kane

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 20, 2020
Before:  AMBRO, GREENAWAY, JR. and BIBAS, Circuit Judges

(Opinion filed April 6, 2020)
_____

OPINION[*]
_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

_____

PER CURIAM

Pro se appellants John Williams and Brandon Baker (together, "Appellants"),

Pennsylvania state prisoners proceeding in forma pauperis, appeal from the District

Court's dismissal of their civil rights complaint. For the reasons discussed below, we

will summarily affirm.

I.

Because we write primarily for the parties, we will recite only the facts necessary

for our discussion. In August 2018, Appellants filed a civil rights complaint in the

District Court.[1] They primarily alleged that the court-appointed attorneys in their

Cumberland County criminal proceedings were ineffective. In Appellants' amended

complaint, they named as defendants the court-appointed attorneys, as well as

Cumberland County and its Commissioners and Chief Public Defender.

The Magistrate Judge screened the amended complaint and recommended that it

be dismissed for failure to state a claim. Appellants then filed a second amended

complaint, which the defendants moved to dismiss. Appellants then filed a third

amended complaint, which raised additional claims and allegations that there is a vast

conspiracy among the defendants and other individuals, including police, prosecutors,

and judges, to deprive Appellants of their civil rights. The Magistrate Judge issued a

---

[1] Nathaniel Jones, Jr., who was also a co-plaintiff in the initial complaint, was dismissed

2

Report and Recommendation that the third amended complaint be dismissed. The District Court did not adopt the report because the circumstances had changed, as both Appellants had been convicted and sentenced in their Cumberland County criminal proceedings. The District Court provided its own analysis of the claims and dismissed the third amended complaint, pursuant to § 1915(e)(2)(B)(ii) and with prejudice, for failure to state a claim. This appeal ensued.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's dismissal under § 1915(e)(2)(B)(ii) is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Where a complaint has not alleged sufficient facts to state a claim for relief that is "plausible on its face[,]" dismissal is appropriate. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."). We may summarily affirm "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); Third Circuit LAR 27.4 and I.O.P. 10.6.

## III.

We agree with the District Court's well-reasoned analysis of Appellants' § 1983

---

from the case and has not appealed.

claims. A federal civil rights action under § 1983 may only be maintained against a defendant who acts under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). Court-appointed attorneys and public defenders "[do] not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981). Thus, the District Court properly dismissed, with prejudice, Appellants' § 1983 claims against their court-appointed attorneys. As for the § 1983 claim against the Chief Public Defender, Appellants failed to allege that he was personally involved in the alleged civil rights violations. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

A plaintiff seeking to pursue a § 1983 claim against a municipality must identify a municipal policy or custom that resulted in his alleged constitutional violations. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690–92 (1978). Because Appellants did not identify any policies or customs underlying their allegations against Cumberland County, Appellants failed to state a basis for Monell liability on their claims against the county. See id. Additionally, Appellants failed to state that any of the individual Cumberland County Commissioners were personally involved in the alleged civil rights violations. See Rode, 845 F.2d at 1207.

To the extent that Appellants' third amended complaint attempted to bring additional § 1983 claims against police, prosecutors, and judges, those claims also fail. The claims against the judges and prosecutors fail because those defendants have

4

immunity from suit. See Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam) (explaining that "[a] judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts" unless the judge "acted in the clear absence of all jurisdiction"); Hartman v. Moore, 547 U.S. 250, 262 (2006) (explaining that prosecutors are generally "immune from liability for the decision to prosecute"). And the claims against the police officers are barred by the favorable termination requirement of Heck v. Humphrey, 512 U.S. 477, 486–87 (1994). Because those claims directly challenged the validity of Appellants' convictions and sentences — which have not been invalidated — they sought "the sort of relief that is plainly barred by Heck." Long v. Atl. City Police Dep't, 670 F.3d 436, 447 (3d Cir. 2012).[2]

To the extent that Appellants also brought a vast array of other federal and state claims based primarily on vague allegations of a conspiracy, those allegations also failed to state a claim. See generally Iqbal, 556 U.S. at 678 (explaining that a plaintiff must plead "factual content that allows the court to draw the reasonable inference that [any] defendant is liable for the misconduct," and allege "more than a sheer possibility that a defendant has acted unlawfully"); Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 178 (3d Cir. 2010) ("[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be

---

[2] With respect to any Heck-barred claims, the District Court properly indicated that its dismissal was without prejudice. See Curry v. Yachera, 835 F.3d 373, 379 (3d Cir. 2016).

inferred."). Because Appellants were provided with multiple opportunities to amend their complaint, the District Court properly dismissed the third amended complaint with prejudice and denied Appellants' further attempts to amend, as amendment would have been futile. See generally Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Although Appellants have raised various challenges to the District Court proceedings, we conclude that they are meritless. In particular, the District Judge and the Magistrate Judge who presided in this case did not err in declining to recuse themselves, as Appellants have not shown that "a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." In re Kensington Int'l Ltd., 368 F.3d 289, 301 (3d Cir. 2004) (quotation marks and citations omitted); see also Liteky v. United States, 510 U.S. 540, 555 (1994) (explaining that adverse judicial rulings alone are generally insufficient to warrant recusal). And the District Court properly ruled that Appellants, as non-lawyers, could not assert claims on behalf of other plaintiffs, including Charmayne Maddy and a putative class of defendants. See Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882–83 (3d Cir. 1991).

Accordingly, we will affirm the District Court's judgment. Appellants' pending motions, including the motion for appointment of counsel, are denied. See Tabron v.

Grace, 6 F.3d 147, 158 (3d Cir. 1993).[3]

---

[3] We note that Appellants' motion to file a brief in support of the appeal is denied as unnecessary, as the Clerk entered an order permitting Appellants to file their brief, which we have considered. To the extent that Appellants' filings in this Court may raise several new claims, including First Amendment claims related to their law library access, we note that Appellants may wish to pursue those claims through separate litigation and after proper administrative exhaustion, but we will not consider them in this appeal. See In re Reliant Energy Channelview LP, 594 F.3d 200, 209 (3d Cir. 2010) (the Court will "not consider new claims for the first time on appeal") (citation omitted).